# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DT FASHION LLC,**

    **Plaintiff,**

v.

**SANTANA JADE CLINE, et al.,**

    **Defendants.**

Case No. 2:16-cv-1117
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff DT Fashion LLC's motions for default judgment [ECF Nos. 16, 32, 34] against Defendants Santana Jade Cline and The Dark Monkey LLC. For the following reasons, the Court **GRANTS** Plaintiff's motions.

### I.

Plaintiff filed this case on November 21, 2016, against Defendants Cline, Dark Monkey, Timothy Dials, and Helen Dials. (*See* Verified Compl. at 1 [ECF No. 1].) Plaintiff asserts seven claims: (1) declaratory judgment as to Plaintiff's trademark; (2) declaratory judgment as to Defendants' copyright; (3) fraud; (4) tortious interference with business relationships; (5) violation of 17 U.S.C. § 512(f); (6) violation of 15 U.S.C. § 1125; and (7) civil conspiracy. (*See id.* at 5–11.) Plaintiff has subsequently dismissed its claims against Helen Dials and requested a stay of the proceedings against Timothy Dials. (*See* Notice of Voluntary Dismissal at 1 [ECF No. 26]; Notice of Bankruptcy at 1–2 [ECF No. 33].) As to Cline and Dark Monkey, Plaintiff moved for, and obtained, entries of default against them when they failed to answer or otherwise respond to Plaintiff's Verified Complaint. (*See* Entries of Default [ECF Nos. 17, 31].) Since the entries of default, Cline and Dark Monkey have still not answered or otherwise responded. As

such, Plaintiff now requests that the Court grant default judgment against them. (*See* Mots. for Default J. [ECF Nos. 16, 32, 34].)

Because of the default entries, the Court takes Plaintiff's allegations regarding Cline and Dark Monkey's liability as true. *See United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015). The Court relates those allegations, along with statements from Plaintiff's unrebutted supporting affidavits, below.

Plaintiff designs, creates, promotes, markets, and sells apparel focused on humor and satire inspired by topical subjects and pop culture. (Verified Compl. ¶ 10 [ECF No. 1].) It sells its merchandise primarily through a network of websites and specialty e-commerce marketplaces, such as Etsy, Amazon, and eBay. (*See id.* ¶ 15; D. Fisher Aff. ¶ 9 [ECF No. 16-1].)

Plaintiff has had a registered trademark for the phrase "Ya Filthy Animal" (the "Mark") since October 29, 2013. (Verified Compl. ¶ 11.) Plaintiff uses the Mark extensively in interstate commerce. (*Id.* ¶ 14.) More specifically, some of Plaintiff's best-selling products are t-shirts, sweatshirts, and sweaters containing the phrase "Merry Christmas Ya Filthy Animal." (*Id.* ¶ 13.) Plaintiff also licenses the Mark to other individuals and entities for use on their own merchandise. (*Id.* ¶ 14.)

On November 17, 2014, Defendant Cline obtained a copyright registration for 2-D visual material entitled "Merry Christmas Ya Filthy Animal." (Verified Compl. ¶ 19.) The copyrighted design, however, is virtually identical to a design independently created in 2012 by Elliott Fisher, one of Plaintiff's owners, that Plaintiff had been using on its own holiday themed merchandise for about two years before Cline filed for copyright protection. (*See* E. Fisher Aff. ¶¶ 2–17 [ECF No. 32].) Based on Fisher's side-by-side examination of the designs, Plaintiff avers that Cline's

2

copyrighted design is not original and was, instead, created using Live Trace, a feature within Adobe Illustrator that can copy an image from the internet and trace the outline to create a virtually identical copy. (*See id.* ¶¶ 9, 16–17.)

On October 30, 2015, Cline and Dark Monkey applied for a trademark registration for the phrase "Merry Christmas Ya Filthy Animal." (Verified Compl. ¶ 16.) The United States Patent and Trademark Office has twice denied Defendants' trademark registration though in part because of the likelihood of confusion with Plaintiff's Mark. (*Id.* ¶ 17.)

Despite Cline and Dark Monkey's inability to obtain a trademark registration for "Merry Christmas Ya Filthy Animal," and despite their copyrighted design being virtually identical to Plaintiff's preexisting design, Cline and Dark Monkey filed trademark and copyright infringement claims against Plaintiff in October and November 2016 with Etsy, Amazon, and eBay. (*See* D. Fisher Aff. ¶¶ 3–9; Verified Compl. ¶¶ 21, 28.) In response to Cline and Dark Monkey's claims, eBay deactivated some of Plaintiff's merchandise listings. (*See* D. Fisher Aff. ¶ 9.) Amazon deactivated at least thirty-two of Plaintiff's merchandise listings. (Verified Compl. ¶ 35.) And Etsy deactivated twelve of Plaintiff's merchandise listings and later terminated Plaintiff's account. (*Id.* ¶¶ 21–22.) Plaintiff contends that it has lost approximately $65,000 in profits because of these deactivations. (*See* D. Fisher Aff. ¶¶ 6, 8–9; *cf.* Verified Compl. ¶¶ 23, 36.)

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016). A plaintiff must first request an entry of default from the Clerk of Courts. Fed. R. Civ. P.

55(a). Upon the Clerk's entry of default, "'the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *Parker-Billingsley*, 2015 WL 4539843, at *1 (quoting *Broad. Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, 'while liability may be shown by well-pleaded allegations, [t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Parker-Billingsley*, 2015 WL 4539843, at *1 (quoting *Broad. Music*, 2011 WL 2118228, at *2) (internal quotation marks omitted). A court may determine damages without holding an evidentiary hearing if the damages are "'capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)).

Taking Plaintiff's allegations as true, and after considering Plaintiff's unrebutted supporting affidavits, the Court concludes that Plaintiff has adequately stated its claims and is entitled to monetary and declaratory relief. The Court need not hold an evidentiary hearing to determine the proper amount of damages, as the Court can ascertain from Plaintiff's detailed supporting affidavit that Plaintiff lost $65,000 in profits because of Defendants' actions. (*See* D. Fisher Aff. ¶¶ 6, 8–9 [ECF No. 16-1].)

**III.**

Accordingly, Plaintiff's motions for default judgment [ECF Nos. 16, 32, 34] are **GRANTED**. The Court enters judgment in Plaintiff's favor against Defendants Santana Jade

Cline and The Dark Monkey LLC, awards Plaintiff $65,000 in damages against Cline and Dark Monkey, and makes the following declaratory judgments:

a) Plaintiff's federally registered trademark, "Ya Filthy Animal," Reg. No. 4425118, is valid; Dark Monkey, Cline, their employees, agents, representatives, and/or assignees, and anyone acting on behalf of or for their benefit, may not use or claim a right to use Plaintiff's trademark or any of its derivatives, including, "Merry Christmas Ya Filthy Animal";

b) Cline's copyright for 2-D visual material entitled "Merry Christmas Ya Filthy Animal," Copyright Reg. No. VA00194183, is invalid and not copyrightable; and

c) Dark Monkey, Cline, their employees, agents, representatives, and/or assignees, and anyone acting on behalf of or for their benefit, may not make claims of copyright infringement, including those brought under the Digital Millennium Copyright Act, for Plaintiff's use of "Ya Filthy Animal" or "Merry Christmas Ya Filthy Animal" on any merchandise.

**IT IS SO ORDERED.**

1-24-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**